

101 Park Avenue, 17th Floor
New York, NY 10178
Tel (212) 878-7900  Fax (212) 692-0940
www.foxrothschild.com

OKSANA G. WRIGHT
Direct No:  212.878.7930
Email: OWright@FoxRothschild.com

July 2, 2020

**VIA ECF**

Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Tiffany Taylor v. Tipp Distributors, Inc.*, **Case No. 20-712 (E.D.N.Y), Motion for a Pre-Motion Conference**

Your Honor:

    Pursuant to Your Honor's Individual Motion Practice and Rules, Rule III.A, Defendant Tipp Distributors, Inc. ("Tipp" or "Defendant") respectfully requests a pre-motion conference with the Court for leave to file a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

    The Complaint alleges that the "Lightly Sweetened" statement contained on certain Steaz Iced Green Tea products ("Products") is misleading.  Compl. at ¶ 4.  The Complaint does not identify which Products Plaintiff allegedly purchased or when and where she purchased them.  *Id.* Plaintiff asserts claims for (a) violation of New York's consumer protection statute, (b) negligent misrepresentation, (c) breach of warranty under state and federal law, (d) fraud, and (e) unjust enrichment.  *Id.* at ¶¶ 69-95.  In addition to the specific grounds for dismissal of each claims discussed below, Plaintiff lacks standing and all of Plaintiff's claims "are preempted to the extent they are based on implied nutrient content claims or health claims that are allegedly misleading because of the presence of added sugar" because the "FDA has expressly decided not to set a disqualifying level of added sugar in food products."  *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1072–74 (N.D. Cal. 2017) (citing *Ackerman v. Coca-Cola Co.*, No. CV-09-0395, 2010 WL 2925955, at *8 (E.D.N.Y. Jul. 21, 2010)) ("Accordingly, any claim under state law solely premised on the notion that vitaminwater's high sugar content made its health or implied nutrient content claims misleading is preempted by the FDA's express decision to not recognize sugar as a disqualifying nutrient.")

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida   Illinois
Minnesota   Nevada   New Jersey   New York   Pennsylvania   Texas   Washington

Active\109108533.v3-7/2/20



Hon. Eric N. Vitaliano
July 2, 2020
Page 2

Defendant Tipp intends to move to dismiss each of Plaintiff's claims on the following additional bases, among others:

**(1) New York General Business Law ("NYGBL") §§349 and 350 Claim:** Plaintiff cannot state a claim under NYGBL §§ 349 and 350, because no reasonable consumer could be misled about the sugar content in the Products. "Lightly Sweetened," on its face, does not mean "low sugar" and even if the court found "Lightly Sweetened" to be arguably ambiguous, the conspicuous and legally-compliant Nutrition Facts Label (also known as the 'Nutrition Facts Panel") dispels any confusion about the amount of sugar because it clearly states the Products contain 20 grams of sugar, and that all of this is added sugar.  *See, e.g., Fink v. Time Warner Cable*, 714 F.3d 739, 740 (2d Cir. 2013) (noting it is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer"); *Truxel v. Gen. Mills Sales, Inc.,* 16cv04957, 2019 WL 3940956, at *4 (N.D. Cal. Aug. 13, 2019) (finding that "Plaintiffs cannot plausibly claim to be misled about the sugar content of their cereal purchases because Defendant provided them with all truthful and required objective facts about its products, on both the side panel of ingredients and the front of the products' labeling."); *Reyes v. Crystal Farms Refrigerated Distribution Co.*, 18cv2250, 2019 WL 3409883, at *6 (E.D.N.Y. July 26, 2019); *Stewart v. Riviana Foods Inc.*, 16cv6157, 2017 WL 4045952, at *9 (S.D.N.Y. Sept. 11, 2017); *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1316-17 (E.D. Cal. 2014).  The Complaint admits the Nutrition Facts Label revealed to Plaintiff that the Product contains 20 grams of total sugar and 20 grams of added sugar. (Complaint, ¶ 32).

**(2) Negligent Misrepresentation Claim:**  Under New York's economic loss doctrine, a plaintiff who has "suffered economic loss, but not personal or property injury," may not recover in tort if she has non-tort remedies available.  *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015); *Elkind v. Revlon Consumer Prods. Corp.*, 14cv2484, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015).  Plaintiff cannot seek a tort remedy of negligent misrepresentation because she has other non-tort causes of action available and, indeed, asserts such other non-tort claims in the Complaint.  Similarly, Plaintiff cannot sidestep the economic loss doctrine by alleging a "special relationship" with Tipp.  A special relationship does not arise in the context of an ordinary, arms-length sale of consumer products such as the one alleged here.  *See Stoltz v. Fage Dairy Processing Indus., S.A.*, 14cv3826, 2015 WL 5579872, at *23-26 (E.D.N.Y. Sept. 22, 2015) (dismissing claim for negligent misrepresentation based on sale of allegedly mislabeled yogurt).

**(3) Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C §§ 2301, et seq.:** The express warranty claim fails because, as discussed above, Plaintiff cannot establish that Defendant's advertising was likely to mislead a reasonable consumer. *See Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 185 (E.D.N.Y. 2018) ("[A] breach of express warranty claim is governed by the same reasonable consumer standard as Plaintiff's NYGBL claims."). Second, the express warranty claim fails



Hon. Eric N. Vitaliano
July 2, 2020
Page 3

because, among other things, the Complaint fails to allege Plaintiff provided Tipp with the legally required pre-suit notice of an alleged breach of warranty. *See Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (dismissing breach of express warranty claim for lack of pre-suit notice). Third, the MMWA claim should be dismissed on numerous grounds, including because the "Lightly Sweetened" statement does not satisfy the Act's definition of a "written warranty" and because the Act specifically forecloses relief in cases, as here, where "the amount in controversy of *any individual claim* is less than the sum or value of $25."[1]  Finally, Plaintiff's implied warranty claim fails because the Products are fit for consumption, and Plaintiff does not contend otherwise. *See Ruggiero v. Perdue Poultry Co.*, 1997 WL 811530, at *1 (S.D.N.Y. Sept. 29, 1997).

**(4) Fraud Claim:** Plaintiff fails to state a fraud claim because the statement "Lightly Sweetened" does not misrepresent that the Products are low in sugar.  Plaintiff also fails to meet the heightened FRCP 9(b) pleading standard because she fails to allege what Products she purchased, when and where she purchased them, and the price she allegedly paid. *See Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *9 (S.D.N.Y. Oct. 26, 2010) (holding that Complaint fell far short of Rule 9(b)'s pleading requirements where plaintiff failed to state when and where he purchased the product and how much he paid). Additionally, Plaintiff fails to plausibly allege fraudulent intent. Plaintiff's general and conclusory allegation that "Defendant's fraudulent intent is evinced by its failure to accurately identify the Products" does not meet the standard for fraud, especially given that the Nutrition Facts Label clearly states that the Products contain 20 grams of sugar. *Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 73 (E.D.N.Y. 2017) (plaintiff must *also* "plead scienter, or fraudulent intent.").  Finally, Plaintiff cannot meet the heightened pleading standard with respect to reasonable reliance because, as stated above, Plaintiff admits the Nutrition Facts Label properly discloses that the Product contains 20 grams of total sugar and 20 grams of added sugar. (Complaint, ¶ 32).

**(5) Unjust Enrichment Claim:** Plaintiff's unjust enrichment claim generically alleges that Tipp "obtained benefits and monies because the Products were not as represented and expected . . . ." Compl., ¶ 95.  The claim is entirely duplicative of Plaintiff's other claims, and it accordingly fails as a matter of law. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) ("An unjust enrichment claim 'is not available where it simply duplicates, or replaces, a conventional contract or tort claim.").

Because full briefing on these issues will narrow this litigation or end it entirely, Defendant Tipp Distributors, Inc. respectfully requests permission to file a Motion to Dismiss. Tipp further respectfully reserves the right to supplement and/or amend the foregoing grounds in its Motion to Dismiss.

---

[1] Plaintiff alleges that the Products sell at approximately "$2.49 per unit."  Compl., ¶ 49.



Hon. Eric N. Vitaliano
July 2, 2020
Page 4

                                                                       Respectfully submitted,

                                                                       Oksana Wright

cc:  Plaintiff's Counsel of Record (via ECF).

Active\109108533.v3-7/2/20